MARK R. ROBERTS vs. RUFUS BLACK — Appeal from
Fannin County.

In setting out an instrument of writing as the evidence of a debt, all that is required by our system of pleading is that the instrument should be described in the terms in which it is written, without regarding the name by which it is called.

---

[1] 1 Tex. 732.

*Martin* and *Epperson*, for appellants.
*Everts*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The suit was brought on a note under seal. It is sufficiently described; it is, however, called a note or writing obligatory. To this the defendant excepted as not sufficiently technical; he had filed pleas or answers to the merits, but withdrew them, and rested his defense on the demurrer. The court gave judgment for the plaintiff for the amount of his debt and interest, and in so doing we cannot perceive that it erred. It has been repeatedly declared by this court that we recognize in our practice none of the technical distinctions between actions, as known under the common law practice. Our practice of bringing suit by petition is believed to be eminently calculated to advance the ends of justice, and we claim for it a very decided superiority [417] to the fictions of the common law. All that we require is that the written evidence of the debt sued for should be described in the terms in which it is written, without regarding the name by which it may be called. In this case the instrument is described with so much certainty that the maker could not be mistaken as to the particular cause of action he is required to answer to. The other pleas having been withdrawn, the judgment, of course, was peremptory on the demurrer.

It should be affirmed with damages.